**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

EVIS J. RUSNAK,

        Petitioner,

v.

JOSHUA M. AMBUSH, LLC,
106 Old Court Road, Suite 303
Baltimore, Maryland 21208


and

JOSHUA M. AMBUSH
3402 Labyrinth Rd.
Baltimore, Maryland 21215

        Respondents.

Civil Action No. 1:26-cv-1262

**PETITION TO CONFIRM ARBITRATION AWARD AND**
**NOTICE OF APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD**

Petitioner Elvis J. Rusnak ("Mr. Rusnak") files this Petition to Confirm Arbitration Award against Respondents Joshua M. Ambush, LLC and Joshua M. Ambush ("Ambush") pursuant to 9 U.S.C. § 9.

**INTRODUCTION**

1. Rusnak requests confirmation of an arbitration award issued on February 20, 2026 in American Arbitration Association Case No. 01-25-0000-0363, *Joshua M. Ambush, LLC v. Rusnak* ("the Arbitration"). A true and correct copy of the "Final Award" is attached hereto as **Exhibit A**.

2. Arbitrator Hon. Irma S. Raker, ("the Arbitrator") entered a monetary award of $722,545.74, including pre-award interest and expenses, in favor of Mr. Rusnak and against Ambush, and ordered Ambush to deliver Mr. Rusnak's personal file to his new counsel.

3.    The Arbitrator also ordered that American Arbitration Association administrative fees, totaling $33,000.00, and Arbitrator compensation, totaling $45,350.00, be borne jointly and severally by Ambush. Accordingly, the Arbitrator ordered Ambush to reimburse Mr. Rusnak $36,475.00, representing the portion of those fees previously incurred and paid by Mr. Rusnak.

4.    The Arbitrator further denied all of Ambush's claims against Mr. Rusnak.

5.    Mr. Rusnak seeks a judgment from this Court confirming the Final Award.

## PARTIES

6.    Chief Master Sergeant (ret.) Elvis J. Rusnak is a resident and citizen of New Jersey.

7.    Joshua M. Ambush is a resident and citizen of Maryland.

8.    Joshua M. Ambush, LLC is a limited liability corporation organized under the laws of the State of Maryland, with its principal place of business at 106 Old Court Road, Suite 303, Baltimore, Maryland.

## JURISDICTION AND VENUE

9.    This court has jurisdiction to confirm the arbitration award at issue under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount sought in the arbitration proceeding exceeded $75,000. Moreover, the amount awarded by the Arbitrator in the Final Award exceeds $75,000.

10.    Venue is proper for this confirmation proceeding under 9 U.S.C. § 9 because the Final Award was issued by the Arbitrator in Maryland.

## FACTUAL BACKGROUND

11.    Ambush's claim arose from Mr. Rusnak's termination of Ambush's representation under a retainer agreement ("the Agreement") executed by the parties in 2017. That Agreement required that, "in the event there are any disputes concerning this agreement or the services rendered to [Mr. Rusnak], such disputes will be arbitrated in Baltimore, Mayland in accordance

2

with the rules of the American Arbitration Association." The Agreement further provided that "Any Award will be enforced in any court of competent jurisdiction."

12.     On January 3, 2025, Ambush filed, against Mr. Rusnak, a Demand for Arbitration with the American Arbitration Association ("AAA"), seeking relief including: (i) a declaration that Mr. Rusnak breached his attorneys' fee agreement with Ambush; (ii) an order that Mr. Rusnak pay to Ambush attorneys' fees of $1,640,742.85, if recovery is made from the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund") or $2,187,657.13 plus expenses if recovery is made from other sources; (iii) a declaration that Ambush has an attorney charging lien on future funds Mr. Rusnak recovers from the USVSST Fund or other sources; and (iv) an order that Mr. Rusnak renew his judgment every 12 years.

13.     On January 31, 2025, Mr. Rusnak filed an Answering Statement and Counterclaim, denying Ambush's claims, as well as asserting malpractice counterclaims. Mr. Rusnak sought relief including damages, costs, and expenses, and an order that Ambush promptly deliver Mr. Rusnak's complete client file to his successor attorneys.

14.     The parties selected Hon. Irma S. Raker as the Arbitrator for the dispute.

15.     The Arbitrator held a final hearing on October 28, 29 and 31, 2025 and November 12, 13, and 19, 2025.

16.     The hearings were declared closed on January 23, 2026.

17.     On February 20, 2026, the Arbitrator issued a Final Award.

18.     In the Final Award, the Arbitrator concluded that Ambush "breached the standard of care" owed to Mr. Rusnak, "by withdrawing [Mr. Rusnak's claim for punitive damages, as alleged by Respondent, including by failing to provide informed consent on the issue, by failing to file properly and timely in accord with the relevant statute for catch-up payments to the Fairness

3

Fund, and by failing to serve Iran in accord with plain language and statutory requirements." The Arbitrator found, by contrast, that Mr. Rusnak "did not breach his attorney retainer agreement with Claimants Ambush in connection with terminating Ambush as his counsel," and that Mr. Rusnak "terminated the agreement with good cause."

19.    In the Final Award, the Arbitrator awarded Mr. Rusnak to be paid jointly and severally by Ambush: (i) $685,442.38 in damages on his malpractice counterclaim; (ii) pre-award interest at a 6% annual rate, calculated as $36,056.13; (iii) $1,047.23 in costs; and (iv) payment of all AAA arbitration fees and Arbitrator fees, calculated as a reimbursement of $36,475.00. The Arbitrator also granted Mr. Rusnak's request for delivery of his personal file to Respondent's new counsel. The Arbitrator further denied each of Ambush's claims against Mr. Rusnak.

**PRAYER**

WHEREFORE, Rusnak respectfully requests that the Court enter judgment as follows:

1. Confirmation of the Final Award as a Judgment of this Court against Ambush in the amount of $759,020.74—comprised of $685,442.38 in damages, $36,056.13 in pre-award interest, $1,047.23 in costs, and $36,475.00 as reimbursement for arbitration fees and Arbitrator fees;

2. An award of post-judgment interest;

3. An award of taxable costs; and

4. Any and all further relief this Court deems just and proper.

Dated: March 30, 2026

Respectfully submitted,

*/s/ Robert A. Braun*

Robert A. Braun
D. Md. Bar No. 22059
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
rbraun@cohenmilstein.com

*Attorney for Petitioner Elvis J. Rusnak*