**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

EVIS J. RUSNAK,

        Petitioner,

v.

JOSHUA M. AMBUSH, LLC, and JOSHUA
M. AMBUSH,

        Respondents.

Civil Action No. 1:26-cv-01262-JRR

## <u>MOTION FOR ENTRY OF DEFAULT</u>

Petitioner Elvis J. Rusnak moves the clerk for entry of default against Respondents Joshua M. Ambush, LLC and Joshua M. Ambush.

Under 9 U.S.C. § 9, which governs petitions to confirm arbitration awards, "[i]f the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." Here, as reflected in the attached declaration, the adverse parties, Respondents Joshua M. Ambush, LLC and Joshua M. Ambush, are both residents of Maryland, which is also the district in which the arbitration occurred and the award was issued.

The law governing service of a motion in this Court is reflected in relevant part in Federal Rule of Civil Procedure 5. *See* Fed. R. Civ. P. 5(a)(1)(D) (providing that Rule 5 governs service of "a written motion"). Rule 5(b)(2)(C) further provides that documents may be served under Rule 5 by any of several methods, including "mailing it to the person's last known address—in which event service is complete upon mailing." In addition, "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1).

As described in the attached declaration, service on Respondents Joshua M. Ambush, LLC and Joshua M. Ambush was completed on March 31, 2026[1] when the confirmation petition and accompanying papers were mailed to the last known address of each Respondent and their attorneys.

Respondents Joshua M. Ambush, LLC and Joshua M. Ambush had 24 days from the date of mailing to file an answer or motion under Federal Rule of Civil Procedure 12. *See, e.g.*, Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."); Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a).").

Respondents Joshua M. Ambush, LLC and Joshua M. Ambush were required to file an answer by April 24, 2026 (i.e., 24 days after March 31), but failed to do so.

Accordingly, Petitioner Elvis J. Rusnak requests that the clerk enter a default under Federal Rule of Civil Procedure 55(a). *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

---

[1] Counsel previously filed a declaration inadvertently reflecting March 30, 2026 as the date of mailing. The attached corrected declaration accurately reflects the date of mailing as March 31, 2026.

Dated: April 27, 2026

Respectfully submitted,

*/s/ Robert A. Braun*
Robert A. Braun
D. Md. Bar No. 22059
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
rbraun@cohenmilstein.com

*Attorney for Petitioner Elvis J. Rusnak*