**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| JOSHUA M. AMBUSH, LLC, and JOSHUA M. AMBUSH,<br><br>Claimants/Counterclaim Respondents,<br><br>v.<br><br>ELVIS J. RUSNAK,<br><br>Respondent/Counter-Claimant. | Case No. 01-25-0000-0363 |

**CLAIMANTS' REQUEST TO REOPEN THE RECORD AND FOR RECONSIDERATION OF THE MALPRACTICE FINDING IN LIGHT OF RECENT MEMORANDUM OPINION ISSUED IN *RUSNAK v. UNITED STATES***

On February 20, 2026, the Arbitrator in this matter, Judge Irma S. Raker ("Arbitrator"), determined that Claimants Joshua M. Ambush, LLC and Joshua M. Ambush (together, "Ambush") "committed malpractice in failing to file properly and timely," on behalf of Respondent and Counter-Claimant Elvis J. Rusnak ("Rusnak"), a petition "for catch up payments to the Fairness Fund." Award at 9, ¶ 4. The Arbitrator awarded Rusnak "$685,442.38 in damages jointly and severally against Ambush for their conduct related to the catchup Fund payments." *Id.* at 10, ¶ 8.

On March 12, 2026, Ambush filed a Request for Interpretation of Award under Rule 52(a) of the Commercial Rules of the American Arbitration Association. The Arbitrator denied that request on March 20, 2026, without explanation, reaffirming the Award.

On March 24, 2026, four days after the Arbitrator's denial, the United States District Court for the District of Columbia issued a 47-page Memorandum Opinion in *Rusnak, et al. v. United States of America, et al.*, No. 1:25-cv-00292-LLA (D.D.C. Mar. 24, 2026) (Alikhan, J.) (the "Opinion"), dismissing Rusnak's federal lawsuit seeking to compel catch-up payments from

1

the U.S. Victims of State Sponsored Terrorism Fund (the "Fund"). The Opinion was not available to the Arbitrator at the time of the Award or at the time of her denial of Claimants' Request for Interpretation of Award. The Opinion is directly relevant to the central factual and legal question in this case: whether Ambush's failure to file a successive application constituted malpractice. Ambush respectfully requests that the Arbitrator reopen the record to consider this Opinion and reconsider her finding of malpractice.

The Arbitrator's malpractice finding rests on the premise that Ambush should have filed a successive application to the Fund on Rusnak's behalf during the 180-day window following enactment of the Fairness for 9/11 Families Act. The factual allegations accepted as true and considered by the Court in the Opinion, summarized below, demonstrate that no attorney could have foreseen that GAO would override the Fund's published guidance and retroactively deem eligible those claimants whose successive applications the Fund had refused to accept.

1.      **The Special Master told already-eligible claimants they were not eligible for catch-up payments and that the Fund could not accept successive applications.** "[I]n February 2023, the Fund had conveyed to those claimants that they were not eligible for lump sum catch-up payments and that the Fund could not accept successive applications." Op. at 9–10.

2.      **The Fund closed the 512 applications of claimants who filed successive applications, for being duplicative.** "The Fund administratively closed those 512 applications because it considered them successive applications." Op. at 10.

3.      **DOJ formally objected to GAO's interpretation, calling the successive-application requirement contrary to "long-standing Fund procedures."** "DOJ objected to GAO's position that claimants who had already been deemed eligible for the Fund were required to submit a duplicate, or successive, application during the Fairness Act's 180-day application

window […] DOJ argued that the statute did not establish this new application requirement, which "contravened long-standing Fund procedures" permitting a single application for each claim and prohibiting duplicate applications." Op. at 8.

4.      **DOJ criticized GAO for failing to give claimants notice of the successive-application requirement until after the application window had closed.** "DOJ further criticized GAO's failure to give claimants notice of this successive-application requirement until July 2024, more than one year after the application window had closed." Op. at 8.

5.      **GAO unilaterally decided to count the closed applications anyway.** "GAO nevertheless concluded that the 512 claimants were still eligible for catch-up payments because they had met the Fairness Act's requirements." Op. at 10.

6.      **Even GAO acknowledged the problem and recommended Congress amend the statute to authorize payments to the 274 excluded claimants.** "GAO recommended that Congress amend the statute to require the Special Master to authorize catch-up payments to 'those among the 274 claimants who did not submit applications . . . because of Fund guidance.'" Op. at 11.

Furthermore, in the Opinion, the Court recognized that Congressional action is the appropriate remedy. Specifically, the Court noted that it is "well within Congress's power to address the inequities Plaintiffs allege," citing GAO's own recommendation. Op. at 41.

The 274 excluded claimants, including Rusnak, would not have received catch-up payments but for GAO's unilateral decision to override DOJ's interpretation of the statute and the Fund's own published rules. No attorney could have foreseen that GAO would take that position. No attorney could have known the need to file a successive application, which the

3

administering agency was actively telling Claimants not to submit and was administratively closing as duplicative when they did.

The Arbitrator's malpractice finding holds Ambush to a standard of care that simply did not exist at the time of the alleged failure. In the Opinion, a federal court has now documented the inter-agency quagmire that made the filing of a successive application not merely unforeseen but affirmatively contrary to the guidance of the agency administering the Fund.

The factual allegations accepted as true and considered by the Court in the Opinion are consistent with the evidence already in the arbitration record. Ambush proactively contacted the Fund on two occasions in January and February 2023 to inquire whether existing Khobar Towers clients were eligible for catch-up payments. *See* Joint Stipulation Exs. J49, J50. The Fund's published guidance stated that victims who had previously been found eligible "are not included in the Act's lump sum catch-up payment provisions" and that the Fund could not accept successive applications. *See* Ex. J50; Ex. J61 at 13–15 & n.43; *see also Rusnak v. USA*, Op. at 9–10. Respondent's own expert, Ms. Gerzhoy, conceded at the hearing that the Fund's statement regarding catch-up payment eligibility was not ambiguous. Nov. 13, 2025 Hr'g Tr. at 215–16. And the Arbitrator herself questioned the consistency of Respondent's positions, noting that in the federal litigation Respondent's counsel argued he was not required to file a successive application, while in this arbitration Respondent claimed his attorney committed malpractice by failing to file one. Nov. 12, 2025 Hr'g Tr. at 190–92. The *Rusnak v. USA* Opinion now independently confirms what the arbitration record already showed: Ambush followed the governing agency's interpretation of the statute and the direct guidance the Fund provided in response to his inquiries. The malpractice finding holds Ambush liable for doing exactly what the administering agency told him to do. A federal court has now documented that the failure to

file a successive application was not the product of Ambush's misunderstanding, but of a systemic inter-agency failure that even GAO acknowledged and that Congress has been asked to fix. The finding of malpractice on this record cannot be sustained and should be reconsidered.

**Conclusion**

For the foregoing reasons, Ambush respectfully requests that the Arbitrator:

(1) Reopen the record to accept the Memorandum Opinion in *Rusnak, et al. v. United States of America, et al.*, No. 1:25-cv-00292-LLA (D.D.C. Mar. 24, 2026), attached hereto as Exhibit A;

(2) Reconsider the finding of malpractice in Finding ¶ 4 of the Award in light of the Opinion, which supports that no attorney could have foreseen the need to file a successive application that the administering agency was actively instructing claimants not to submit; and

(3) Grant such other and further relief as the Arbitrator deems just and appropriate.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 1st day of April, 2026.

**TORO COLON MULLET, P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760


*/s/ Angel Sosa*
Angel Sosa
DC Bar No. 1,000,094
E-mail: asosa@tcm.law

*/s/ Nayda I. Pérez-Román*
Nayda I. Pérez-Román
PR Bar No. 19,314
Email: nperez@tcm.law
