**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

ELVIS J. RUSNAK,

              Petitioner,

v.

JOSHUA M. AMBUSH, LLC, *et al.*

              Respondents.

Civil Action No. 1:26-cv-01262-JRR

**PETITIONER ELVIS J. RUSNAK'S OPPOSITION TO AMBUSH'S**
**MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

## I.    INTRODUCTION

Petitioner Elvis J. Rusnak, by and through undersigned counsel, respectfully opposes Respondents Joshua M. Ambush, LLC and Joshua M. Ambush's (together, "Ambush") motion to dismiss for insufficient service of process.

Ambush's Rule 12(b)(5) motion for insufficient service of process is frivolous. Section 9 of the Federal Arbitration Act ("FAA") expressly provides that, where the adverse party is "a resident of the district within which the award was made," service of a petition to confirm an arbitration award "shall be made upon the adverse party or his attorney as prescribed by law for *service of notice of motion*." 9 U.S.C. § 9 (emphasis added). The procedure for serving motions is governed by Federal Rule of Civil Procedure 5(b).

Ambush nevertheless asserts that service of a petition to confirm an arbitration award on a resident is instead governed by Federal Rule of Civil Procedure 4(e)(1) and (2). This contravenes the plain language of FAA § 9, as well as numerous decisions from courts around the country applying Rule 5(b) to resident service of a confirmation petition. In addition, the bulk of Ambush's brief argues that service did not comply with Rule 4(e). Ambush does not meaningfully dispute, however, that service complied with Rule 5(b). For these reasons, Ambush's Rule 12(b)(5) motion should be denied.

## II.    DISCUSSION

### A.    FAA § 9 and Federal Rule of Civil Procedure 5(b) Govern Resident Service of a Petition to Confirm an Arbitration Award.

Federal Rule of Civil Procedure 4 states that Rule 4(e)(1) and (2) do not apply where "federal law provides otherwise." Fed. R. Civ. P. 4(e). Rule 81(a) likewise makes clear that the Federal Rules of Civil Procedure, "to the extent applicable, govern proceedings under the following laws, *except as these laws provide other procedures: . . . 9 U.S.C., relating to*

1

*arbitration.*" Fed. R. Civ. P. 81(a)(6)(B) (emphasis added). As contemplated by Rules 4(e) and 81(a), the FAA adopts special procedures governing the service of an arbitration award that partially displace the service procedures reflected in Federal Rule of Civil Procedure 4. *See, e.g.,* 9 U.S.C. § 9 ("Notice of the application [for confirmation of an arbitration award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.").

In particular, Section 9 of the FAA provides two separate regimes for serving a petition to confirm an arbitration award—depending on the adverse party's location. As relevant here, for a party who is "a resident of the district within which the award was made," the FAA directs that "such service shall be made upon the adverse party or his attorney as prescribed by law for *service of notice of motion* in an action in the same court." 9 U.S.C. § 9 (emphasis added)[1]; *see also* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law *for the making and hearing of motions*, except as otherwise herein expressly provided." (emphasis added)).

FAA § 9's "service of notice of motion" language directly tracks Rule 5, which governs service of all "written motion[s]" and other papers in actions before the court. In particular, Rule 5(a)(1)(D) requires service of every "written motion, except one that may be heard ex parte," on every party; and Rule 5(b) specifies the permissible methods for effecting such service, including by serving an adverse party's attorney and mailing motion papers to a party's "last known address."

Congress's decision to adopt Rule 5's motion-notice procedures for resident service, rather than Rule 4's more formal and burdensome procedures for serving an original summons and

---

[1] By contrast, the FAA provides that "[i]f the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." *Id.*

complaint, is consistent with the strong national policy favoring the swift and efficient enforcement of arbitration awards. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008) (noting that FAA §§ 9–11 "substantiat[e] a national policy favoring arbitration" by helping to "resolv[e] disputes straightaway"). Moreover, where a resident adverse party previously participated in an arbitration, abbreviated service suffices because the due process concerns that animate more formal service requirements are attenuated by the party's existing relationship to the forum, previous consent to arbitration, preexisting knowledge of the dispute, and prior retention of counsel. In such circumstances, imposing the same service-of-process formalities required to haul a stranger into court for the first time would be incongruous—and would undermine the FAA's commitment to finality by creating unnecessary procedural friction between the issuance of an award and its judicial enforcement. The procedures reflected in FAA § 9 thus advance the FAA's core goals: they honor the parties' contractual commitment to arbitrate, reduce the expense of post-award judicial proceedings, discourage dilatory tactics by parties seeking to avoid compliance and dodge service, and ensure that the benefits of arbitral finality are realized with minimal expense and delay.

Consistent with FAA § 9's plain language and purpose, courts around the country regularly—and without controversy—apply Rule 5(b), rather than Rule 4, to resident service of petitions to confirm arbitration awards. *See, e.g.*, *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815 (9th Cir. 2024) (holding that 9 U.S.C. §§ 6 and 9 "plainly refer[] to the reigning rules governing service of written motions and notices in federal court, which today is found in Rule 5"); *Dalla-Longa v. Magnetar Cap. LLC*, 33 F.4th 693, 695–96 (2d Cir. 2022) ("Here, the 'adverse party' . . . was a 'resident' of New York for these purposes, and the petition to vacate was filed in the United States District Court for the Southern District of New York. Hence, the applicable law

is Federal Rule of Civil Procedure 5, which governs the serving and filing of pleadings and other

papers in the Southern District of New York."); *O'Neal Constructors, LLC v. DRT Am., LLC*, 991

F.3d 1376, 1379 (11th Cir. 2021) ("The relevant Federal Rule of Civil Procedure is Rule 5, which

addresses service of pleadings and other papers."); *Martin v. Deutsche Bank Sec. Inc.*, 676 F.

App'x 27, 28–29 (2d Cir. 2017) ("Where, as here, the adverse party is a 'resident of the district

within which the award was made,' service must be made 'as prescribed by law for service of

notice of motion in an action in the same court,' *i.e.*, as provided by Fed. R. Civ. P. 5." (citation

omitted)).[2]

---

[2] *See also Life Storage LP v. Burress*, No. 22-CV-00007, 2022 WL 3648497, at *2 (D. Ariz. July 25, 2022), *report and recommendation adopted*, 2022 WL 3648058 (D. Ariz. Aug. 24, 2022) ("The Court finds that Petitioner has made sufficient showing . . . that Petitioner has sufficiently served Respondent in compliance with 9 U.S.C. § 9. *See* Fed. R. Civ. P. 5(b)(2)(C) (stating that service of a motion may be completed by 'mailing it to the person's last known address – in which event service is complete upon mailing[.]'"); *Virgin Islands Hous. & Fin. Auth. v. FEMA*, 728 F. Supp. 3d 17, 23 (D.D.C. 2024), *aff'd*, 151 F.4th 409 (D.C. Cir. 2025) ("Rule 5 governs service of process for petitions to vacate an arbitration award because it is the method 'prescribed by law for service of notice of motion in an action' in this Court."); *Laborers' Loc. Union Nos. 472 & 172 v. Atl. Concrete Cutting, Inc*., No. 1:25-CV-15421, 2026 WL 949046, at *1 n.1 (D.N.J. Apr. 8, 2026) (holding that service was proper under 9 U.S.C. § 9 because it complied with Fed. R. Civ. P. 5(b)(2)(C)); *Ploetz ex rel. Laudine L. Ploetz, 1985 Tr. v. Morgan Stanley Smith Barney, LLC*, No. 17-CV-1112, 2017 WL 2303969, at *1 (D. Minn. May 25, 2017) ("[The petitioner] mailed the Petition to [the respondent's] main office in New York and to [the respondent's] attorney in the underlying arbitration, which complies with Fed. R. Civ. P. 5's requirements for service of notice of motion."); *Int'l Union of Operating Eng'rs Loc. 825 Emp. Benefit Funds v. Getty Contracting LLC*, No. 2:14-CV-7799, 2015 WL 4461512, at *2 (D.N.J. July 20, 2015) ("Thus, if the adverse party is a resident of the district, the petitioner need only serve the petition as if it were a motion. In this instance, that would permit, for example, mail notice, see FED. R. CIV. P. 5(b)(2)(C))."); *Moore v. Valero Ardmore Refinery*, No. 3:14-MC-00103-M, 2015 WL 129985, at *2 (N.D. Tex. Jan. 9, 2015) ("Here, Defendants are residents of the Northern District of Texas, and the arbitration award was made in the Northern District of Texas. Therefore, the rules for service of process in the Northern District of Texas govern."); *Nguyen v. Neiman Marcus Grp., Inc*., No. 3:10-CV-0841-N, 2011 WL 13232700, at *1 (N.D. Tex. Feb. 8, 2011) (Rule 5 applies to resident service); *N.J. Bldg. Laborers Statewide Benefit Funds v. L. Green LLC*, No. 25-CV-566, 2025 WL 449796, at *2 (D.N.J. Feb. 10, 2025) (Rule 5 applies to resident service); *Ausloos v. Binkele*, No. 22-CV-00372, 2023 WL 4234977, at *2 (D. Nev. June 28, 2023) ("Because Rule 5 governs the service of motions, electronic service constituted proper service on [the respondent], which is incorporated in Nevada."); *Kaplan v. Merrill Lynch, Pierce, Fenner & Smith Inc*., No. 22-CV-1333, 2022 WL 2110391, at *2 (S.D.N.Y. June 10, 2022) ("Here, the 'adverse party'—Merrill Lynch—is a resident of New York for these purposes, and the petition to vacate was filed in the United States District Court for the Southern District of New York. Hence, the applicable law is Federal Rule of Civil Procedure 5, which governs the serving and filing of pleadings and other papers in this district."); *Crawford v. Regions Bank*, No. 3:16-CV-190, 2016 WL 3922637, at *1 (S.D. Miss. July 18, 2016) (Rule 5 applies to resident service); *Wells Fargo Clearing Servs., LLC v. Graham*, No. 3:24-CV-

Against the vast weight of this authority applying Rule 5(b), Ambush is unable to identify a *single* decision holding that Federal Rule of Civil Procedure 4(e)(1) and (2)—rather than Rule 5(b)—govern service of a petition to confirm arbitration on a resident of the state where the arbitration occurred and the confirmation court is located.[3] The few cases Ambush does cite undermine his position. For instance, Ambush misrepresents the court's decision in *Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120 (D.D.C. 2010) as categorically holding that Rule 4, and not Rule 5, governs service of an FAA petition to vacate. Contrary to Ambush's suggestion, the *Technologists* court recognized that "Section 12[4] thus creates separate service requirements for parties who reside in the district [i.e., Rule 5] and those who reside elsewhere [i.e., Rule 4]." *Id.* at 126. There, when faced with the "problem" of a *non*resident "foreign corporation that cannot be found in any judicial district of the United States," the court held that Rule 4 applied. *Id.* No such "problem" exists here, however. Rule 5 applies because both respondents have acknowledged they are residents of Maryland, which is also the location of arbitration award and this Court.

---

373, 2025 WL 394979, at *2 n.3 (S.D. Miss. Feb. 4, 2025) (because "award was made in the district where [respondent] resides[,] the Federal Rules of Civil Procedure permit serving a motion by mail. *See* Fed. R. Civ. P. 5(b)(2)(C)" (cleaned up)); *Golden State Foods, Corp. v. Mendoza*, No. 14-CV-07045, 2014 WL 12589654, at *3–4 (C.D. Cal. Nov. 4, 2014) ("Because no such language applies to petitions to compel and it is to be considered a motion subject to the other procedural rules governing motions, Rule 5 applies."); *Applied Underwriters Captive Risk Assurance Co. v. O'Connell Landscape Maint., Inc.*, No. 18-CV-00683, 2018 WL 11276845, at *3 (C.D. Cal. June 25, 2018) ("[Respondent] is a resident of this district. Therefore, if AUCRA complied with the rules for service of a motion, its service of the petition was proper." (citation omitted)); *McClelland v. Azrilyan*, 31 F. Supp. 2d 707, 710 (W.D. Mo. 1998), *aff'd sub nom. McClelland v. Squieri*, 168 F.3d 494 (8th Cir. 1998) (applying Rule 5(b)).

[3] Ambush does not dispute the extensive evidence that both Joshua M. Ambush, LLC and Joshua M. Ambush are residents of Maryland, which is both the location of this Court and the arbitration award. Corrected Decl. of Robert A. Braun in Supp. of Service of Pet. to Confirm Arbitration Award ¶¶ 7–9 ("Braun Decl."), ECF No. 6-1.

[4] FAA § 12, which governs petitions to vacate or modify an arbitration award, includes comparable language to FAA § 9 concerning resident party service. *See* 9 U.S.C. § 12 ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.").

Ambush also points to *Petrie Construction, LLC v. Perfect Group, LLC*, a recent unpublished decision from this District addressing a motion for alternative service on a petition to confirm an arbitration award. No. 25-CV-1825, 2026 WL 709836, at *2 (D. Md. Mar. 13, 2026). *Petrie* is irrelevant, however, because it too involved *non*-resident service under FAA § 9, which is governed by different rules than resident service. Because the respondent (a Mississippi or Florida resident) was not "a resident of the district within which the award was made" (which was Maryland), the court there correctly cited Rule 4, instead of Rule 5.

In addition, Ambush distorts *Jules v. Andre Balazs Properties*, No. 25-83, 2026 WL 1336216, at *3 (U.S. May 14, 2026), to argue that Rule 5 should only apply where a petition to confirm an arbitration award is filed in an already pending suit between the parties.[5] To the extent *Jules* is relevant at all, however, it weakens Ambush's argument. *Jules* did not concern service of a confirmation petition—it addressed whether a federal court that previously stayed claims in a pending action under § 3 of the FAA retains *subject matter* jurisdiction to confirm or vacate a resulting arbitral award. In passing, the Supreme Court rejected the argument that FAA § 9's service provisions require treating all confirmation petitions as new actions, even when filed as a motion in an existing suit. In doing so, the Court implied that § 9's service requirements may not always apply *at all* when a confirmation petition is filed in an existing suit, where personal jurisdiction is already established. *Id*. at *8–9.

Ambush's argument then is not only devoid of any basis in the text of FAA § 9—which does not distinguish between arbitration petitions filed in pending versus new suits. It would also read out of the statute entirely § 9's express textual distinction between resident and non-resident

---

[5] The remaining decisions Ambush cites are even further afield. *See, e.g.*, *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (concerning service under the Hague service convention—not the FAA); *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332 (4th Cir. 2002) (applying a forum selection clause and *Colorado River* abstention to a federal action seeking to vacate an arbitration award that had already been confirmed by a state court).

service of arbitration petitions. For instance, if FAA § 9 does not apply at all to arbitration petitions filed in existing suits because personal jurisdiction is already established (as *Jules* suggests), and arbitration petitions filed in new suits are always subject to Rule 4 (as Ambush argues), then no purpose would be served by § 9's direction that residents should be served "as prescribed by law for service of notice of motion" (i.e., Rule 5). Ambush's proposed construction thus violates the canon against surplusage. *See United States v. Menasche*, 348 U.S. 528, 538–39 (1955) ("It is our duty to give effect, if possible, to every clause and word of a statute." (cleaned up)).

Finally, Ambush makes only passing reference to the constitutional requirements of service of process. However, Ambush does not argue that the service procedure reflected in § 9 of the FAA— adopted by Congress more than 100 years ago and relied on by hundreds, if not thousands, of parties—is unconstitutional. Nor does Ambush explain how service by *both* certified and regular mail on *both* a party and its attorney, and which Ambush does not dispute he actually received, was not "reasonably calculated" to provide Ambush with notice of this suit.

### B. Because FAA § 9 and Rule 5(b) Govern Service Here, Ambush's Challenge to Service Under Rule 4 Is Irrelevant.

Much of Ambush's brief addresses whether Mr. Rusnak's actions in serving Ambush satisfied Federal Rule of Civil Procedure 4 and Maryland Rule 2-121. *See* Ambush Mot. to Dismiss at 6–11, ECF No. 10. Ambush's arguments are irrelevant. As discussed above, Federal Rule of Civil Procedure 5 governs service here; and, as described below, Ambush was properly served under Rule 5.

### C. Ambush Was Effectively Served Here Under FAA § 9 and Rule 5(b)

Ambush was effectively served in accordance with Rule 5—not once, but multiple times. Counsel to both Joshua M. Ambush, LLC and Joshua Ambush in the underlying arbitration was served via certified mail with return receipt requested on March 31, 2026. Braun Decl. ¶¶ 3–5.

7

Joshua M. Ambush, LLC was served via certified mail on March 31 and April 7, 2026 and via regular first class mail on April 8, 2026. *Id.* ¶¶ 3–4, 12–13. And Joshua Ambush was served via certified mail on March 31 and April 7, 2026 and via regular first class mail on April 8, 2026 (using the address he identified to both the AAA and the U.S. District Court for the District of Columbia) and by certified mail on March 31, 2026 at another potential address identified by an investigator employed by Mr. Rusnak's counsel. *Id.* ¶¶ 3–4, 8–9, 12–13. The methods of service are described in detail in the Braun Declaration, and the facts underlying that declaration have not been disputed by declaration or otherwise. *Id.* ¶¶ 3–13.

Federal Rule of Civil Procedure 5 governs service of motions in this Court. *See* Fed. R. Civ. P. 5(a)(1)(D) (requiring service of every "written motion"). Rule 5(b)(2)(C) further provides that a document may be served under Rule 5 by any of several methods, including "mailing it to the person's last known address—in which event service is complete upon mailing." In addition, "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1); *see also* 9 U.S.C. § 9 (resident service "shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion").

Ambush does not dispute that service here satisfied Rule 5(b)'s requirements; nor should he be permitted to do so for the first time on reply. *See United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013) ("[N]ew arguments cannot be raised in a reply brief."). He analyzes the sufficiency of service exclusively under Rule 4 and, as noted above, has not disputed by declaration or other evidence any of the facts supporting service.

Citing no authority, Ambush nevertheless asserts that service on his counsel was ineffective *under Rule 4* because, although they continued to represent him in the underlying arbitration when

service occurred, they had not appeared in the judicial confirmation action. Ambush is wrong with respect to Rule 5(b) and FAA § 9. Multiple courts have held that service of a confirmation petition on a respondent's arbitration counsel satisfies Rule 5(b) and the FAA's service requirements. *See, e.g.*, *Voltage Pictures*, 92 F.4th at 832 ("In this case, it is undisputed that [the petitioner] mailed its motion papers to the attorneys who represented [the respondent] in the underlying arbitration shortly before filing the motion in federal court. Accordingly, the application to confirm the award was sufficiently served in accordance with § 6 and Rule 5."); *Ploetz*, 2017 WL 2303969, at *1 ("[The petitioner] mailed the Petition to [the respondent's] main office in New York and to [the respondent's] attorney in the underlying arbitration, which complies with Fed. R. Civ. P. 5's requirements for service of notice of motion."). Service on a party's arbitration counsel is consistent with the FAA's text and purpose and is "reasonably calculated" to provide a party with actual notice of the confirmation petition. Moreover, the contrary rule proposed by Ambush makes little practical sense: a respondent's counsel will almost *never* have appeared in a new confirmation suit prior to service. Accordingly, as described above, construing FAA § 9 to limit service to counsel that have entered an appearance in a *judicial* action would effectively read out of the statute the FAA's direction that "service shall be made upon the adverse party *or his attorney*." 9 U.S.C. § 9 (emphasis added).

But even if service on Ambush's attorney were somehow ineffective, Joshua M. Ambush, LLC was served *directly* three separate times, both by certified and regular U.S. mail[6]; and Joshua

---

[6] Although Ambush asserts that regular first-class mail is not permitted under Rule 4(e), regular first-class mail is permitted under Rule 5. *See, e.g.*, *Bondanelli v. Ocean Park SRL*, No. 12-CV-07724, 2013 WL 12139129, at *2 (C.D. Cal. Oct. 7, 2013) ("[Rule 5] does not require return receipt, nor does it distinguish between registered and first-class mail."); *Green v. Warren*, No. 21-CV-14144, 2025 WL 2522468, at *3 (D.N.J. Sep. 2, 2025) ("Under Rule 5(b)(2)(C), Plaintiff may serve his papers on opposing counsel via regular mail."); *Patel v. Dab Inspection & Consulting Servs., LLC*, No. 1:24-CV-859, 2025 WL 2693852, at *1 n.1 (E.D. Va. Sep. 2, 2025), *report and recommendation adopted*, 2025 WL 2691144 (E.D.

Ambush was served *directly* four separate times, both by certified and regular U.S. mail. Ambush suggests that *one* of the four mailings on Joshua Ambush was returned undelivered. But that is irrelevant both because (i) Joshua Ambush was directly served three other times, and (ii) under Rule 5(b) "nonreceipt or nonacceptance of the papers by the person to be served generally does not affect the validity of service." 4B Wright & Miller's *Federal Practice & Procedure: Civil* § 1148 (4th ed.); *see also Two Men & a Truck Int'l, Inc. v. Clete, Inc*., No. 1:07-CV-394, 2008 WL 2512872, at *2 n.2 (W.D.N.C. June 19, 2008) (service is effective as of the date of delivery even where the "motion was returned by the post office, marked 'not deliverable as addressed-unable to forward'").

Accordingly, both Joshua M. Ambush, LLC and Joshua Ambush were effectively served in accordance with FAA § 9 and Federal Rule of Civil Procedure 5(b).

## III.   CONCLUSION

For these reasons, Ambush's Rule 12(b)(5) motion should be denied.

Dated: May 27, 2026                                Respectfully submitted,


                                                   */s/ Robert A. Braun*

                                                   Robert A. Braun
                                                   D. Md. Bar No. 22059
                                                   Cohen Milstein Sellers & Toll PLLC
                                                   1100 New York Ave. NW, Suite 800
                                                   Washington, DC 20005
                                                   Tel: (202) 408-4600
                                                   Fax: (202) 408-4699
                                                   rbraun@cohenmilstein.com

                                                   *Counsel for Petitioner Elvis J. Rusnak*

---

Va. Sep. 18, 2025) (papers were effectively "served on . . . Defendants by first class mail in accordance with Rule 5(b)(2)(C)").